UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREEN,<br>aka KEVIN DEAN BREWER,<br>Petitioner,<br>v.<br>P. COVELLO,<br>Respondent. | Case No. 19-cv-00176-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 2 |

## INTRODUCTION

Petitioner Michael Green, aka Kevin Dean Brewer, has filed another petition challenging the same state convictions he challenged in two prior (and now closed) habeas actions, *Green v. Knipp*, No. 12-01689 WHO and *Brewer v. Perez*, No. 15-02456 WHO. The pending petition will be dismissed as second or successive to the prior petitions.

## BACKGROUND

The first habeas petition was denied on the merits. (*Green*, No. 12-1689, Dkt. No. 43.) Petitioner appealed, but his appeal was terminated by the Ninth Circuit because it was not timely filed. (*Id.*, Dkt. Nos. 45, 47 and 50.)

The second habeas petition was dismissed as second or successive. (*Brewer*, No. 15-02456, Dkt. No. 4.) Petitioner appealed, but the Ninth Circuit terminated his appeal when it denied his request for a certificate of appealability. (*Id.*, Dkt No. 9.)

These two prior petitions and the current petition are challenges to petitioner's 2009 state court convictions for the sexual abuse and sexual assault of a child, for which he received a sentence of 61 years to life.[1]

**DISCUSSION**

The pending petition is barred by the rule against filing a second or successive petition. As noted, petitioner has filed at least one previous petition regarding the same convictions at issue in the pending petition. In order to file a second or successive petition, petitioner must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not shown that he has received such authorization, the pending petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals.

Petitioner appears to allege that the second or successive bar does not apply here. His reasoning is as follows. The state appellate court (on direct review) modified his sentence.[2] He believes this created a new judgment, which would permit him to file another habeas petition, one not barred by the second or successive rule. In an effort to support his position, he cites inapposite Eleventh Circuit authority.[3]

Petitioner's allegations are unconvincing. First, Eleventh Circuit authority is not binding on this Court, which is in the Ninth Circuit, even when it is relevant. Second, this "new judgment" was the subject of petitioner's *first* habeas petition (*Green*, No. 12-1689). Therefore, any subsequent petition challenging that "new judgment," such as the current

---

[1] *People v. Brewer*, 192 Cal. App. 4th 457 (Cal. Ct. App. Feb. 1, 2011).

[2] The state appellate court determined on direct review that petitioner was entitled to additional presentence time credits, modified the judgment accordingly, and directed the trial court to prepare a new abstract of judgment. (Pet., Dkt. No. 1 (State Appellate Opinion) at 28-29.)

[3] Petitioner relies on two cases from the Eleventh Circuit. One discussed whether resentencing affects the calculation of AEDPA's filing deadline. *Hepburn v. Moore*, 215 F.3d 1208 (11th Cir. 2000). Timeliness was never an issue in petitioner's cases. The other discussed when a state court judgment becomes final after a defendant has been resentenced. *Maharaj v. Secretary for the Department of Corrections*, 304 F.3d 1345 (11th Cir. 2002). Here, there was no dispute about when petitioner's judgment became final.

2

one, is barred by rule against the second or successive petition rule. Accordingly, the petition is DISMISSED.

**CONCLUSION**

The pending petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's application to proceed *in forma pauperis* is GRANTED. (Dkt. No. 2.)

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 16, 2019



WILLIAM H. ORRICK
United States District Judge